UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RAYMOND AIGBEKAEN,                  :
                                    :
         Petitioner,                :    Civ. No. 19-19844 (NLH)
                                    :
    v.                              :    OPINION
                                    :
                                    :
BUREAU OF PRISONS,                  :
                                    :
         Respondent.                :
_____ :

APPEARANCES:

Raymond Aigbekaen
94655-379
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
     Petitioner Pro se

HILLMAN, District Judge

    Raymond Aigbekaen has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 alleging he is actually innocent of his conviction under 18 U.S.C. § 1591 for sex trafficking of a minor based on the Supreme Court's decision in Rosemond v. United States, 572 U.S. 65 (2014). ECF No. 1. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

I.  BACKGROUND

    A jury in the District of Maryland convicted Petitioner of conspiracy to commit sex trafficking of a minor, 18 U.S.C. §§

1591(c); conspiracy related to interstate prostitution, 18 U.S.C. § 371; sex trafficking of a minor, 18 U.S.C. § 1591(a); interstate transportation for prostitution, 18 U.S.C. § 2421; enticement to travel interstate for purposes of prostitution, 18 U.S.C. § 2422(a); and use of interstate facilities to promote an enterprise involving prostitution offenses, 18 U.S.C. § 1952(a)(3). Judgment of Conviction, United States v. Raymond Idemudia Aigbekaen, No. 1-15-cr-00462-002 (D. Md. Feb. 9, 2017) (ECF No. 228).[1] He was sentenced to a total term of 180 months followed by a five-year period of supervised release. Id. The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions on November 21, 2019. United States v. Aigbekaen, 943 F.3d 713 (4th Cir. 2019).

Petitioner filed this petition under § 2241 on November 4, 2019. ECF No. 1. He argues his § 1591 conviction must be vacated in light of the Supreme Court's Rosemond decision, which held that the government must prove the defendant had advance knowledge that a co-conspirator would use or carry a gun during the crime's commission in order to be guilty of aiding or abetting the offense. Rosemond v. United States, 572 U.S. 65, 67 (2014). Petitioner asserts the United States did not prove at trial that he was aware the victim was a minor. He also

---

[1] The Court takes judicial notice of the public records of Petitioner's criminal case.

states without elaborating that § 1591 is void for vagueness. ECF No. 1 at 6.

II. DISCUSSION

   A. Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

   B. Analysis

Petitioner brings this action under 28 U.S.C. § 2241. Before the Court may reach the merits of Petitioner's claims, the Court must consider whether it has jurisdiction to consider

3

the petition under § 2241.  Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

The Third Circuit has not addressed whether Rosemond claims may be filed as § 2241 petitions.  See Solomon v. Warden Lewisburg USP, 764 F. App'x 140, 142 (3d Cir. 2019) ("We have not yet addressed whether a claim based on Rosemond may be brought in a § 2241 petition . . . .").  However even if Rosemond claims could be brought in a § 2241 petition, Petitioner would not meet the standards for filing such a claim.

In the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the

4

prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

Petitioner's Rosemond and vagueness claims cannot be brought in this Court under § 2241 because he had a prior opportunity to raise them before the trial court. Rosemond was decided on March 5, 2014; Petitioner was not indicted until August 25, 2015. Indictment, United States v. Raymond Idemudia Aigbekaen, No. 1-15-cr-00462-002 (D. Md. Aug. 25, 2015) (ECF No. 1). Any objections under Rosemond or allegations that § 1591 was unconstitutionally vague could have been raised at the time of trial or on direct appeal. Because Petitioner had a prior opportunity to raise his Rosemond and his vagueness claim before the trial court or the Fourth Circuit, the Court lacks

5

jurisdiction over it under the Third Circuit's current § 2241 case law.  The petition will be dismissed.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  To the extent these claims can be raised at all, they must be raised in a motion under § 2255 in the District of Maryland.  The Court finds that it is not in the interests of justice to transfer the petition because Petitioner is still pursuing his direct appeal.[2]

III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction.  An appropriate order will be entered.


Dated: January 17, 2020          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[2] The Fourth Circuit extended the time period for filing a petition for rehearing until January 27, 2020.  Court Order, United States v. Raymond Aigbekaen, No. 17-4109 (4th Cir. Jan. 6, 2020) (ECF No. 236).  Petitioner has filed documents in the Fourth Circuit indicting he intends to seek a rehearing.  See Motion to Exceed Length Limitations for Petition for Rehearing, Aigbekaen, No. 17-4109 (4th Cir. Dec. 26, 2019) (ECF No. 232).